MALACHI FARRELL, Appellant, v. THE CITY OF MIDDLETOWN, Respondent.

56    525
172 NY 666

*Negligence — injury from a trench caving in — when the workman assumes the risk thereof.*

A laborer employed by a municipal corporation in the digging of a trench through filled-in ground from six to nine feet deep, seven feet wide at the top and sloping down to a width of three or three and one-half feet at the bottom, cannot recover damages for injuries occasioned by the caving in of the sides of the trench, because of a failure to sheath the sides, where it appears that the injured laborer had three or four years' experience in digging trenches, and that neither he, nor his co-laborers, nor the city engineer, nor the foreman in charge of the work, saw the necessity of sheathing the sides, and where the only evidence of such necessity being apparent is that an alderman, by trade a hatter, told the foreman, prior to the accident, that the trench needed sheathing.

The laborer in such case assumes the risk of his employment.

APPEAL by the plaintiff, Malachi Farrell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 26th day of April, 1900, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Orange Trial Term, and also from an order entered in said clerk's office on the 12th day of April, 1900, denying the plaintiff's motion for a new trial made upon the minutes.

*Thomas Watts,* for the appellant.

*W. F. O'Neill,* for the respondent.

GOODRICH, P. J.:

The plaintiff was digging a trench for a sewer in Middletown, when he was injured by the caving in of the sides. There was testimony that the trench was in filled-in ground, and was from six to nine feet deep, seven feet wide at the top, and sloping down to a width of three or three and one-half feet at the bottom. No sheathing plank were furnished by the city nor any means of shoring up the sides, and no evidence was given that the trench required sheathing or that there was any apparent danger, except, possibly, the

evidence of Mr. Bowler, an alderman and the chairman of the sewer committee, by trade a hatter, who told Wilcox, the foreman of the job prior to the accident, that the trench needed sheathing, but he did not testify to the fact that sheathing was necessary or to any circumstances from which such a conclusion could be derived, and there is abundant evidence that there was no appearance of danger. Neither the plaintiff nor his witnesses, who were at work with him, saw any danger. The work was in charge of Harris, the city engineer, who was examined as a witness on a former trial, but not on the last trial, owing to his absence in Porto Rico. It was admitted by the plaintiff's counsel that he was a " competent engineer."

The court nonsuited the plaintiff.

The only possible question arises from the fact that Bowler told Wilcox that the place needed sheathing or shoring with jack screws, but as Harris was a competent engineer, and his foreman, Wilcox, had had considerable experience in the construction of such trenches, I think they were better qualified to see danger than the alderman hatter. Moreover, as the plaintiff had been digging trenches for three or four years, and as neither he nor his colaborers saw any danger till the accident occurred, I do not see that any negligence in the same respect can be imputed to the city. The plaintiff failed to show any apparent danger; hence there is nothing to indicate that a careful and prudent man, in doing this excavating, could anticipate that the side of the trench would cave in, and, while shoring would, probably, have prevented the accident, there was no indication that such an accident was to be apprehended.

The plaintiff took the risk of his employment, and there is no evidence to exclude the idea that the caving in was the result of the plaintiff's digging or of the digging of his fellow-servants.

The judgment should be affirmed.

JENKS, J., not sitting.

Judgment and order unanimously affirmed, with costs.